**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4360**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LORENZO MALLORAL LOPEZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:12-cr-00113-RJC-2)

_____

Submitted:  January 15, 2015          Decided:  January 20, 2015

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Carol Ann Bauer, Morganton, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, William M. Miller,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Malloral Lopez pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Lopez to two consecutive terms of sixty months' imprisonment. Lopez appeals his criminal judgment, arguing only that his counsel was ineffective in permitting him to plead guilty pursuant to a plea agreement containing an appellate waiver provision, rather than pleading "straight up," as he had originally contemplated.

We decline to reach the merits of Lopez's claim. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we discern no conclusive evidence of ineffective assistance of counsel on the face of the record before us, we conclude that Lopez's claim should be raised, if at all, in a § 2255 motion.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED